MANUEL A. FRÍAS, Plaintiff and Appellee, *v.* JOSÉ and FAUSTINO BERRÍOS SÁNCHEZ, Defendants and Appellants.

No. 7961. Argued February 20, 1941.—Decided February 28, 1941.

*F. González Fagundo,* for appellants; *Géigel & Silva,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Dr. Manuel A. Frías, a surgeon, filed suit against José and Faustino Berríos for the collection of $1,500 as medical fees for services rendered to Jesús Berríos. The latter died and his children, the defendants, were declared his sole and universal heirs.

The defendants answered and denied that said services were rendered and the value of same.

The case went to trial and the court decided it by a judg-ment in which it ordered the defendants to pay the plaintiff $750, interest on said sum from the date on which the com-plant was served on the defendants until the full amount has been paid, with costs.

The losing party appealed. It alleges that, in its opinion, the court committed error in fixing the reasonable value of the services; in rendering a judgment which is not upheld by the evidence and in ordering the payment of the costs and interest. It argues at length in support of its contentions.

The decision of this case is quite simple. The de-fendants-appellants who at first denied that the medical serv-ices were rendered to the deceased, finally accept the fact that said services were rendered and then attack the value of each of the services in particular and also as a whole, in our opinion, without any reason, because the value was fixed by the court basing itself on the testimony of the expert pres-ented by the defendants themselves.

This expert was Dr. Manuel Díaz García, surgeon. After answering on general questions and stating specific values for the different professional services rendered to the de-ceased, he stated as appears literally from the record:

"In answer to questions made by the judge, Dr. Díaz-García answered that he had in his hands the pleading called bill of particulars: That it had been given to him two days before by the Attorney González Fagundo. That taking into consideration the fact

that the doctor in this case went to the patient's' house to render him the treatments therein stated, that appraising all 'the work as a whole and without taking into consideration the sentimental value, because that cannot be measured, and taking into consideration that the patient is a person of an average economic standard and that the doctor had to sacrifice time in order to be on the lookout for the health of the patient and that he had to break other engagements to attend the case, the value of the treatment increases considerably which would not happen if it were a patient who called him sporadically every four or five days for a visit. That he considers that the bill of particulars is high by fifty per cent, calculating reasonably. He admits of course that the patient needed constant attention not only in regard to the visits but that the doctor had to watch the hour of the visit and he must expect a call at any hour and must leave other clients and engagements. That in the bill of particulars the services are given a value of $1,500 and that he thinks that they may be worth from $750 to $900. I have made an estimate of the bill presented and I consider it inflated from 40 to 50 per cent.

"The defendants admit that Jesús Berríos is a patient who probably had from $30,000 to $40,000 capital."

This was the summary of the testimony made by the expert himself, the substance of the same. And the judgment adjusts to it.

■ To analyze item by item the account for fees and then obtain the total amount of the value of each, which is what the appellants in their brief do, to arrive at the sum of $410, is one of the methods to be followed in these cases to fix the just and reasonable value of the services, but other elements must be taken into account, according to the concurrent circumstances of each case and these other elements were taken into consideration by the expert of defendants in making final statements in answer to the trial judge, and in stating his definite opinion as to the just value of the services claimed, taken as a whole.

The first two errors were therefore not committed. The judgment is based on the evidence and the value of the serv-

ices is not clearly unreasonable when the concurrent circumstances are taken into consideration.

The third and last error alleged, relating to the costs and interest, was not committed either. If instead of denying that the services had been rendered, defendants had offered to pay a reasonable amount for them, which had at least been close to the amount found just by the court, and if this amount had not been accepted by the plaintiff, then they would have been relieved from the payment of interest and costs; but they did not do this and as they finally lost the case they must suffer the consequences of their own acts. However, what must be modified is the date on which the collection of interest begins, which should be the date on which the judgment was filed and not that on which the defendants were notified of the complaint, since the complaint was not for a sum certain. See 8 Manresa, *Comentarios al Código Civil,* p. 103, and Escriche, *Diccionario de Legislación y Jurisprudencia,* vol. 3, p. 941.

The judgment appealed from should be modified as stated above and, as modified, affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.